IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HECTOR ROLANDO RAMOS RAMIREZ,                                    PETITIONER
A# 219-643-741

V.                                                      CIVIL NO. 5:26-cv-460-DCB-BWR

WARDEN, ET AL.                                                   RESPONDENTS

ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte.    After consideration of this record and relevant

legal authority, the Court finds that this civil action should be dismissed.

I.      Background

On May 13, 2026, pro se Petitioner Hector Rolando Ramos Ramirez ("Petitioner") filed

an unsigned Petition [1] challenging his detention by immigration authorities and seeking a Writ

of Habeas Corpus under 28 U.S.C. § 2241.   On the same day, the Clerk mailed Petitioner a

Notice of Assignment [1-3] reflecting the case number and judge assignments for this case.   The

Notice also informed Petitioner how to advise the Court of a change of address and that his

"failure to advise this Court of a change of address or failure to comply with any order of this

Court will be deemed as a purposeful delay and contumacious act" that may result in the

dismissal of this case.   Notice [1-3] at 1.

On June 3, 2026, the Court entered an Order [6] advising Petitioner that Rule 2 of the

*Rules Governing Section 2254 Cases in the United States District Court* ("Habeas Rules")[1]

requires a petition to be signed under penalty of perjury by the petitioner or by a person

---

[1] "A district court may apply any or all of the rules governing § 2254 habeas petitions to those cases filed pursuant to § 2241." *Reyes-Gonzalez v. Driver*, No. C-05-248, 2005 WL 1669830, at *2 (S. D. Tex. 2005) (citing Rule 1(b) of the Rules Governing § 2254 Cases).

authorized to sign it for the petitioner under 28 U.S.C. § 2242.   Because Petitioner failed to sign

his Petition and he failed to sign the four motions filed with his Petition, the Court directed

Petitioner, on or before June 17, 2026, to file signed versions of his Petition and Motions.   *See*

Order [6].   The Order [6] warned Petitioner that his failure to advise this Court of a change of

address or his failure to timely comply would result in the dismissal of this case.

On June 12, 2026, the postal service returned the envelope containing a copy of the

Clerk's May 13 Notice of Assignment [1-3] as undeliverable.   Ret. Mail [7].   Additionally,

Petitioner did not comply with the June 3 Order [6] to sign his pleadings.

Since Petitioner is proceeding pro se, the Court provided him with one additional

opportunity to submit a signed Petition and comply with the Court's Order before dismissal of

this case.   On June 30, 2026, the Court entered an Order to Show Cause [8] directing Petitioner

to show cause why the action should not be dismissed for failure to comply with the Court's

Order.   The Order to Show Cause [8] directed Petitioner to comply on or before July 10, 2026,

and warned Petitioner that his failure to advise the Court of a change of address or his failure to

timely comply would result in the dismissal of this case.   Petitioner did not respond or otherwise

contact the Court.

On July 14, 2026, the postal service returned the envelope containing a copy of the June

3 Order [6] as undeliverable.   Ret. Mail [9].   The envelope contained a Return to Sender stamp

with a mark next to the word "Released."   *Id*. at 1.   Petitioner has not complied with the Court's

Orders or otherwise contacted the Court.

II.    Discussion

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or

to obey a Court order under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action sua sponte. *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus petitions. *See Martinez v. Johnson,* 104 F.3d 769, 772–73 (5th Cir. 1997) (affirming sua sponte dismissal of pro se habeas petition for failure to prosecute under Fed. R. Civ. P. 41(b), noting "where there are procedural gaps in the habeas rules, the district courts have broad discretion to apply the Federal Rules of Civil Procedure").

The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

To date, Petitioner has not submitted a signed Petition, he has not complied with two Court Orders, and he has not contacted the Court to ask about the status of this case. It also appears Petitioner has not informed the Court of his current address. The Court repeatedly warned Petitioner that failure to comply with a court order or failure to advise the Court of his current address would result in dismissal without further notice. *See Bohannan v. Redic,* No. 20-40860, 2023 WL 2346335, at *1 (5th Cir. Mar. 3, 2023) (finding district court's two explicit warnings to pro se prisoner that noncompliance may result in dismissal was adequate use of lesser sanctions for a failure to prosecute dismissal). The Court's repeated warnings did not

3

"prompt diligent prosecution," instead such efforts "proved to be futile." *Vafaiyan v. Target*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).    There is also nothing in the record to suggest that further warnings will be effective. It is apparent that Petitioner no longer wishes to pursue this habeas case.    Dismissal without prejudice is warranted.

III.    Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute.    A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

So ordered and adjudged, this the 29 day of July, 2026.

/s/ David C. Bramlette_____
UNITED STATES DISTRICT JUDGE

4